FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 3 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M. GONZALES and JEFFREY DEAN<br><br>　　　　Plaintiffs,<br><br>v.<br><br>STEPHEN MAYBERG, et al.<br><br>　　　　Defendants. | No. CV-07-6248 CBM (MLG)<br><br>ORDER ADOPTING IN PART, REJECTING IN PART, AND MODIFYING IN PART, REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |

　　　　The matter before the Court, the Honorable Consuelo B. Marshall presiding, is the Magistrate Judge's Report and Recommendation ("Recommendation") to grant Defendants' motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and dismiss the lawsuit with prejudice in its entirety, as well as Plaintiff Jose M. Gonzales' objections to the Recommendation.

　　　　The Court has reviewed the entire record in this case, the Recommendation and objections thereto. Good cause appearing, the Court adopts in part, rejects in part, and modifies in part, the Recommendation as discussed below.

**FACTUAL BACKGROUND**

Pro Se Plaintiffs Jose M. Gonzales and Jeffrey Dean are civilly committed to Atascadero State Hospital ("ASH") pursuant to California's Sexually Violent Predator Act. *See* Cal. Welf. & Inst. Code §§ 6600, *et seq*. On October 18, 2007, Plaintiffs filed the subject complaint alleging two violations of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiffs' first claim is for federal minimum wage compensation for the work Plaintiffs performed in the ASH Patient Dining Room ("Wage Claim"). Plaintiffs allege that they were paid $1.15 per hour for work performed in 2006, 2007 and 2008,[1] which was significantly lower than the federal minimum wage of $5.85 per hour in effect at that time. Complaint, ¶9. Plaintiffs' second claim seeks an order prohibiting Defendants from intimidating and harassing Plaintiffs ("Retaliation Claim").[2] Plaintiff Gonzales alleges that from February 2008 to March 2008, Defendants[3] reduced his normally scheduled working hours after Defendants received the complaint in this case to retaliate against him for filing the lawsuit. *See* Opposition, 9:15-24; *see also* Recommendation, 19:5-8.

Plaintiffs have sued the following ASH employees in their individual and official capacities: (1) Stephen Mayberg, Executive Director of the California Department of Mental Health; (2) Melvin Hunter, ASH Executive Director (retired); (3) Jon DeMorales, ASH Executive Director; (4) Mike Hughes, ASH Program VII Director; (5) Linda Wilkes, ASH hospital administrator (retired); (6)

---

[1] Gonzales alleges that he worked 538 hours in the ASH Patient Dining Room from April 2007 to September 2007. Complaint ¶¶ 8-13. Dean alleges that he worked in the ASH Patient Dining Room from January 2006 to September 2007 but does not state the total number of hours that he worked. *Id.* at ¶ 7. In Plaintiffs' opposition to the motion to dismiss, Plaintiffs further contend that Gonzales worked 152 hours in September 2007, 159 hours in October 2007, 156 hours in November 2007, 184 hours in December 2007, 182 hours in January 2008, 128 hours in February 2008, 102 hours in March 2008, and 84 hours in April 2008. *See* Opposition, 9:8-12.

[2] The Court adopts the Magistrate Judge's finding that Plaintiff Gonzales raised a retaliation claim pursuant to the FLSA, in his opposition to the motion to dismiss. 29 U.S.C. § 215(a)(3) states, in relevant part, that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this chapter."

[3] The identity of the Defendant who reduced allegedly Plaintiff Gonzales' hours is unclear from the papers.

and Brian Jones, ASH Food Service Supervisor II.

On August 8, 2001, Plaintiff Gonzales filed a complaint also alleging, in part, a violation of the FLSA's minimum wage requirement concerning Gonzales' volunteer work performed serving meals to patients in his unit for one hour per week for approximately one month. *See Gonzales v. Sherrill*, No. CV 01-06543 CBM (MLG) (C.D. Cal.). In ruling on Defendants' summary judgment motion, the Magistrate Judge noted that in Defendants' statement of uncontroverted facts, Gonzales' work was considered a "Patient Scheduled Treatment" activity, which suggested that the activities were structured and possibly required of patients in order for them to complete ASH's rehabilitative program. *See* February 24, 2004 Recommendation at fn. 14 [Doc. No. 94]. This Court adopted the Magistrate Judge's February 24, 2004 Recommendation that Gonzales' FLSA minimum wage claim be dismissed on summary judgment because Gonzales' volunteer work did not fall within the scope of the FLSA. [Doc. No. 95].

## LEGAL STANDARD

Federal Rule 72(b) of Civil Procedure and 28 U.S.C. § 636(b)(1) set forth the duties of this Court relative to a Magistrate Judge's report and recommendation. "A magistrate judge must promptly conduct the required proceedings . . . to hear a pretrial matter dispositive of a claim or defense . . . The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b). "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

## PLAINTIFF GONZALES' OBJECTIONS

1. Gonzales objects to the Magistrate Judge's factual finding and conclusion of law that Gonzales' FLSA claim is precluded by the doctrine of *res judicata* because his 2001 lawsuit: (a) involved the same claim as the instant lawsuit; (b)

3

was resolved by a final judgment on the merits; and (c) involved identical parties or their privies.

2. Gonzales objects to the Magistrate Judge's recommendation that the Defendants be dismissed in their individual capacity because of Eleventh Amendment immunity. Gonzales further requests leave to amend the complaint in order to sue Defendants solely in their individual capacity.

3. Gonzales objects to the Magistrate Judge's conclusion of law that the FLSA's minimum wage protections do not extend to persons civilly committed pursuant to California's Sexually Violent Predator Act.

4. Gonzales objects to the Magistrate Judge's conclusion of law that the FLSA's retaliation provision does not apply to Plaintiffs because they are not considered "employees" pursuant to the FLSA.

## ANALYSIS

### A. The Doctrine of *Res Judicata*

#### 1. Plaintiff Gonzales

This Court modifies the Magistrate Judge's finding of fact and conclusion of law that the doctrine of *res judicata* applies to Gonzales. The doctrine of *res judicata* applies when the earlier suit: (1) involved the same claim or cause of action as the later suit; (2) was resolved by a final judgment on the merits; and (3) involved identical parties or their privies. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). The first prong of the doctrine, *i.e.*, whether the two suits involve the same claim, requires the Court to look at four criteria: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *Id.*

The Court finds that Gonzales' subject action and Gonzales' 2001 action do not arise out of the same "transactional nucleus of facts" and that the "same evidence" would not be presented in both actions. On the one hand, the 2001 action involved Gonzales' volunteer work performed one hour a week serving meals in his unit as part of his rehabilitative program. On the other hand, Gonzales' current claim involves work performed in the Patient Dining Room for which he was hired and was paid compensation. The Court concludes that the two lawsuits do not involve the same claim and that Gonzales' claim is not barred by the doctrine of *res judicata*. The Court SUSTAINS Gonzales' objection to the Magistrate Judge's finding that Gonzales' claim is precluded by the doctrine of *res judicata*.

### 2. Plaintiff Dean

The Court adopts the Magistrate's finding of fact and conclusion of law that the doctrine of *res judicata* does not apply to Dean's claims against any of the Defendants.

## B. Plaintiffs' FLSA Claims

### 1. Eleventh Amendment Immunity

The Court adopts the Magistrate Judge's conclusion of law that the Eleventh Amendment protects the State of California and its employees acting in their official capacities from suit under the FLSA absent a waiver of immunity. *See Alden v. Maine*, 527 U.S. 706 (1999) (holding that state employees cannot sue their employers to enforce the wage and overtime provisions of the FLSA without an express waiver of sovereign immunity); *see also Baird v. Kessler*, 172 F.Supp. 2d 1305, 1310 (E.D. Cal. 2001). The Court adopts the Magistrate Judge's finding of fact and conclusion of law that the state is the real party in interest with respect to the Wage Claim, therefore, the Eleventh Amendment immunity applies to Defendants in their individual capacities.

The Court modifies the Magistrate Judge's recommendation to dismiss the Defendants in their individual capacities with respect to the Retaliation Claim. The Eleventh Amendment does not immunize Defendants from a claim for prospective injunctive relief. The *Ex Parte Young* exception to Eleventh Amendment immunity applies where a violation of federal law is alleged. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997); *see also Alden*, 527 U.S. at 757 (the Eleventh Amendment "does not bar suits "against state officers for injunctive relief or declaratory relief"). Plaintiffs' Retaliation Claim is a claim for prospective injunctive relief because Plaintiffs seek an order prohibiting Defendants from "intimidating and harassing" Plaintiffs and reducing their work schedule in the Patient Dining Room. Therefore, the Eleventh Amendment does not bar the Retaliation Claim against Defendants in their individual capacities. The Court SUSTAINS Plaintiff Gonzales' objection to the Magistrate Judge's recommendation to dismiss Defendants in their individual capacities.

### 2. Whether the FLSA Applies to Persons who are Civilly Committed Pursuant to California's Sexually Violent Predator Act

The Magistrate Judge found that Plaintiffs' Wage Claim and Retaliation Claim under the FLSA fail as a matter of law because the FLSA does not extend to persons civilly committed pursuant to California's Sexually Violent Predator Act. The Magistrate Judge concluded that Sexually Violent Predators ("SVPs") are not considered "employees" within the context of the FLSA because they are "more similar to inmates and pretrial detainees than to mental patients." *See* Recommendation, 18:10-11. The Magistrate Judge reasoned that "Plaintiffs were convicted of sexually violent offenses, and, once their respective prisons sentences expired, they were determined to pose a continuing danger to society arising from a substantial likelihood of reoffending. Plaintiffs are not free to leave ASH, and the state provides for their health, welfare, and daily needs. The FLSA's primary objectives have no bearing in this context." Recommendation, 18:11-17.

In reaching his conclusion, the Magistrate Judge set forth the two tests used in the Ninth Circuit to determine if an employer-employee relationship exists under the FLSA. In the non-prisoner context, the Ninth Circuit applies a four factor "economic reality" test, which analyzes whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir.1983) abrogated on other grounds by *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). In the prisoner-context, the Ninth Circuit held that prisoners are not in an FLSA employment relationship with the State because prisoners work for "programs structured by the prison pursuant to the state's requirement that prisoners work at hard labor [therefore] the economic reality is that their labor belonged to the institution." *Hale v. State of Arizona*, 993 F.2d 1387, 1395 (9th Cir. 1993). The Magistrate Judge determined that the *Bonnette* test did not apply to Plaintiffs.

The Ninth Circuit has not yet addressed the issue of whether the work performed by civilly committed SVPs should be analyzed in a non-prisoner context or a prisoner context. However, in *Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007), the Circuit noted that civilly detained persons must be afforded "more considerate treatment and conditions of confinement than criminals whose confinement are designed to punish." *Id.* at 989 *citing Youngberg v. Romeo*, 457 U.S. 307 (1982). The Court further noted that within the context of SVPs, "the state cannot have it both ways. If confinement of a sexually violent predator is civil for the purposes of evaluation under the *Ex Post Facto* clause, that confinement is civil for the purposes of defining the rights to which the detainee is entitled while confined." *Id.* at 989-990.

The Act defines an SVP as a person who "has been convicted of a sexually

violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety to others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a). "The Act provides treatment for mental disorders from which [the SVPs] currently suffer and reduces the threat of harm otherwise posed to the public. No punitive purpose was intended." *Hubbart v. Superior Court*, 19 Cal.4th 1138, 1144 (1999). The Act further provides that "[a]ny person admitted to a state hospital as a mentally disordered sex offender shall have the full patient rights [as other individuals who are involuntarily detained for evaluation or treatment].[4]

Here, unlike Gonzales' 2001 lawsuit, the work performed by Plaintiffs in the ASH Patient Dining Room was not required, nor was it part of a "Patient Scheduled Treatment." Plaintiffs allege that they applied for their positions and were interviewed and hired by a vocational counselor. *See* Opposition, 5:26-6:1. Plaintiffs further allege that their work in the Patient Dining Room displaces regular union employees who also work in those positions. *See* Opposition, 10:11-15 ("the vacant positions of outside union employees have not been filled, and/or when outside union employees are sick, etc, the patient workers are called in to fill in for them."). Moreover, Plaintiff Gonzales alleges that he applied for the position and accepted the work in order to pay for his own financial obligations that are not covered by ASH, *i.e.*, student loans and doctor bills. *Id.*, 14:6-8. Finally, Plaintiffs allege that they have worked in other positions at ASH where they earned federal minimum wage, *i.e.*, Vocational Gardening and Landscape.[5]

---

[4] In *Hydrick*, it was alleged that only three SVPs out of approximately 700 SVPs have ever been released from ASH. *Hydrick*, 500 F.3d 978, 984 n. 3. Thus, it appears that an SVP civilly committed under the Act may be subject to an indefinite commitment.

[5] Plaintiffs also allege that SVPs housed at other mental institutions such as Patton State Hospital, Napa State Hospital and Metro State Hospital are paid federal minimum wage. *See* Opposition, 6:23-28.

8

### 3. Wage Claim

The Court rejects the Magistrate Judge's finding of fact and conclusion of law that Plaintiffs are not employees pursuant to the FLSA. However, even if this Court would find that Plaintiffs were "employees" within the meaning of the FLSA, the Eleventh Amendment bars state employees from suing their employers to enforce the wage and overtime provisions of the FLSA without an express waiver of sovereign immunity. *See Alden v. Maine*, 527 U.S. 706 (1999). Because there is no such waiver in this case, as a matter of law, Plaintiffs' Wage Claim fails. The Court GRANTS Defendants motion to dismiss the Wage Claim pursuant to Rule 12(b)(6) and it is DISMISSED with prejudice. The Court SUSTAINS Plaintiff Gonzales' objection to the Magistrate Judge's finding that Plaintiffs were not employees pursuant to the FLSA.

### 4. Retaliation Claim

Plaintiffs' Retaliation Claim may fall within the *Ex Parte Young* exception to the Eleventh Amendment because it seeks prospective injunctive relief. However, the *Ex Parte Young* exception applies only to "ongoing and continuous" violations of federal law. *Suever v. Connell*, 439 F.3d 1142, 1148 (9th Cir. 2006). Here, Plaintiffs' Retaliation Claim concerns only a reduction of hours in February and March 2008 for the work performed in the ASH Patient Dining Room. This Court was notified in June and July 2008 that Plaintiffs Gonzales and Dean have been transferred to Coalinga State Hospital. [Doc. Nos. 28 and 30]. Thus, Plaintiffs no longer work in the ASH Patient Dining Room and, therefore, cannot plead a retaliation claim pursuant to the FLSA because there is no "ongoing and continuous" violation of federal law.

The Court rejects the Magistrate Judge's finding of fact and conclusion of law that Plaintiffs are not employees under the FLSA and the retaliation provision of the FLSA does not apply to them. However, the Court GRANTS Defendants' motion to dismiss the Retaliation Claim pursuant to Rule 12(b)(6) because

1  Plaintiffs have not alleged - and cannot allege - an ongoing and continuous
2  violation of federal law.  The Retaliation Claim is DISMISSED with prejudice.
3  The Court SUSTAINS Plaintiff Gonzales' finding that the FLSA retaliation
4  provision does not apply to Plaintiffs.

## CONCLUSION

6  The Defendants' motion to dismiss is GRANTED and the lawsuit is
7  DISMISSED with prejudice.  The Court DENIES Plaintiff Gonzales' request to
8  amend the complaint.

10  IT IS SO ORDERED.

13  DATED:  July 30, 2009            By _____
14                                        CONSUELO B. MARSHALL
                                          UNITED STATES DISTRICT JUDGE